BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -3 1978

IN RE AMTEL, INC. SECURITIES LITIGATION ) DOCKET NO. 334

PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

JP 334
4/3/78

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of seven actions pending
in two districts:  four in the Southern District of New
York and three in the District of Rhode Island.

All seven actions arise from the takeover of Amtel,
Inc. (Amtel) by AMCA International Corp. (AMCA)  as a
result of a tender offer made on November 14, 1977.
Principal defendants, in addition to Amtel and AMCA,
include Royal Little (Little), founder and former chairman
of Amtel; Narragansett Capital Corporation (Narragansett),
a company allegedly controlled by Little and holder of
9.4 percent of Amtel's shares before the private sale of
those shares to AMCA prior to the tender offer; Little
and Casler (L&C), a financial consulting firm allegedly

---

*/   Judges Lord and Caffrey took no part in the decision
of this matter.

controlled by Little; Dominion Bridge Co., Ltd. (Dominion),
AMCA's parent company; and officers and directors of Amtel,
AMCA and Dominion.

The complaints in the four New York actions are brought
against Amtel, Royal Little  and others, and claim that
defendants violated the federal securities laws by failing
to disclose to Amtel security holders the pendency of
negotiations during the spring and summer of 1977 for the
takeover of Amtel. Plaintiffs in three of these four actions
seek certification of a class generally consisting of
sellers of Amtel stock in the open market prior to the
announced tender offer and/or holders of Amtel convertible
installment notes who failed to excerise rights that expired
in October,  1977,  to convert  those notes  into  Amtel
stock.

The three Rhode Island actions are brought against
Royal Little, L&C, Narragansett, Dominion, AMCA, Amtel's
president, a company controlled by Amtel's president,
and the president of AMCA and Dominion.  Plaintiffs
allege that by the spring of 1977  the defendants
constituted a "group" for the purpose of taking control

of Amtel and that defendants failed to make certain requisite
filings  with the Securities and Exchange Commission pursuant to
Section 13(d) of the Securities Exchange Act of 1934. Plaintiffs
also allege that defendants' conduct in connection with the Amtel
takeover violated several other provisions of the federal securities
laws. Plaintiffs in the Rhode Island actions all seek to represent
a class generally consisting of persons who sold Amtel common
stock between June 1, 1977, and November 14, 1977, and who suffer-
ed damages as a result of defendants' allegedly unlawful acts.

All defendants move the Panel pursuant to 28 U.S.C.
§1407 to centralize all actions in this litigation in
the Southern District of New York (or, in the alternative,
the District of Rhode Island) for coordinated or consolidated
pretrial proceedings.  No party disputes the desirability
of centralization under Section 1407. The plaintiffs in the New
York actions also favor the Southern District of New York as
the transferee district, while the plaintiffs in the Rhode
Island actions favor the  District of Rhode Island.

We find that the seven actions in this litigation
raise common questions of fact and that transfer under

- 4 -

Section 1407 of the Rhode Island actions to the Southern
District of New York will best serve the convenience of
the parties and witnesses and promote the just and efficient
conduct of this litigation.

As all parties to this litigation acknowledge, all the
actions share factual questions regarding defendants' conduct
with respect to AMCA's tender offer and acquisition of Amtel
stock.  Transfer under Section 1407 is necessary in order
to avoid duplicative discovery, eliminate the possibility
of inconsistent class and other pretrial rulings, and
otherwise conserve the efforts of the parties, the witnesses
and the judiciary.  See In re New York City Municipal
Securities Litigation, 439 F. Supp. 267, 269 (J.P.M.L. 1977).

The major arguments raised by plaintiffs in the Rhode
Island actions in favor of the District of Rhode Island as
the transferee forum are that (1) the median time to trial
for civil actions in the District of Rhode Island is three
months shorter than the comparable figure for the Southern
District of New York; and (2) many defendants, witnesses and
documents will be found in or near the District of Rhode Island
because Amtel, Narragansett, and L&C are headquartered in
Providence, Rhode Island; AMCA and Dominion have their
principal United States offices in Hanover, New Hampshire;
and 22 of the 29 individual defendants are residents of either
Rhode Island, Massachusetts, or New Hampshire.

Although either the District of Rhode Island or the Southern District of New York could be described as an appropriate transferee forum for this litigation, on balance we are persuaded that the Southern District of New York is preferable. The parties have represented to us that pretrial proceedings in the New York actions are somewhat ahead of pretrial proceedings in the Rhode Island actions, in part because the New York court has established a document depository in New York City while discovery activity in the Rhode Island actions has been stayed. New York City is where investment bankers and attorneys who helped to orchestrate the takeover of Amtel are located, where negotiations among the defendants concerning the takeover occurred, and thus where many documents and witnesses relevant to the litigation can be found. Also, the New York forum is the choice of plaintiffs in four of the seven actions in the litigation and all of the defendants, including those defendants who are headquartered or reside in or near Rhode Island.

If the plaintiffs in the Rhode Island actions wisely pool their efforts with the plaintiffs in the New York actions, we are confident that all plaintiffs will experience net savings of time, effort and expense. See In re Cenco, Inc. Securities Litigation, 434 F. Supp. 1237, 1239 (J.P.M.L. 1977). We note that witnesses located in New England will likely be deposed in proximity to their residences, see Fed.R.Civ.P. 45(d)(2), and thus would not be required to travel to the

transferee district for pretrial under Section 1407.  Further
possibilities of inconvenience will be minimized in light
of the geographical accessibility of New York City to
Providence.  And while a comparison of the civil action
dockets in the districts under consideration as possible
Section 1407 transferee districts is a relevant factor for
the Panel to take into account when making its determination,
this factor is minimal here because of the relatively small
difference in workload statistics for the two districts.  See
In re Career Academy Antitrust Litigation, 342 F. Supp. 753,
754 (J.P.M.L. 1972).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the following Schedule A and
pending in the District of Rhode Island be, and same hereby
are, transferred to the Southern District of New York and,
with the consent of that court, assigned to the Honorable
Gerard L. Goettel for coordinated or consolidated pretrial
proceedings with the actions listed on Schedule A and
already pending there.

## DOCKET NO. 334 -- IN RE AMTEL, INC. SECURITIES LITIGATION

### SCHEDULE A

#### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Seymour G. Beidner v. Amtel, Inc., et al. | Civil Action No. 77 Civ.5640(GLG) |
| David H. Magid, et al. v. Amtel, Inc., et al. | Civil Action No. 77 Civ.5668(LWP) |
| Richard Deneau, et al. v. Amtel, Inc., et al. | Civil Action No. 77 Civ.5718(GLG) |
| Robert Z. Berman, et al. v. Amtel, Inc., et al. | Civil Action No. 77 Civ.6218(CHT) |

#### DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Joseph Marrell v. Royal Little, et al. | Civil Action No. 77-0684(FJB) |
| Eurimpex, Anstalt, et al. v. Royal Little, et al. | Civil Action No. 77-0704(FJB) |
| Arthur R. Simmons, et al. v. Royal Little, et al. | Civil Action No. 78-16 |